UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY JAY RUNION,<br><br>            Petitioner,<br><br>    v.<br><br>JASON BENNETT,<br><br>            Respondent. | CASE NO. C24-957 JNW<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |

This matter comes before the Court on Petitioner Stanley Jay Runion's Objections to the Report and Recommendation of Magistrate Judge Michelle L. Peterson. (Dkt. No. 13.) Having reviewed the Objections, the Report and Recommendation (Dkt. No. 12 (R&R)), and all materials filed on the docket, the Court ADOPTS the Report and Recommendation and OVERRULES the Objections.

**BACKGROUND**

Currently incarcerated at Stafford Creek Corrections Center, Runion seeks federal habeas relief. (See R&R at 1 (construing Runion's petition under § 2254, not 28 U.S.C. § 2241).) The

Magistrate Judge declined to serve Runion's petition on Respondent after identifying several "potential barriers to Petitioner proceeding with this federal habeas action." (<u>Id.</u> at 2.) The Magistrate Judge specifically noted that: (1) Runion had not satisfied the exhaustion requirement of § 2254(b) because "he had not presented his federal habeas claim to any state appellate court for review"; (2) Runion's petition appeared time-barred under the statute of limitations set out at 28 U.S.C. § 2244(d); and (3) it appeared that Runion's current habeas petition was an improper successive petition over which the Court lacks jurisdiction because Runion's 1994 prior habeas petition was dismissed with prejudice. (<u>Id.</u> at 2-3.) The Magistrate Judge then issued an Order to Show Cause, identifying these barriers and providing Runion with an opportunity to respond. (<u>See</u> Order to Show Cause (Dkt. No. 4).) Runion did not respond. (R&R at 3.) The Magistrate Judge then issued an R&R concluding that Runion's petition must be dismissed for failure to comply with the exhaustion requirements and because his petition is untimely. (<u>Id.</u>) Runion has filed an Objection that lists seventeen short objections over three pages. (Dkt. No. 13.)

## ANALYSIS

**A.      Legal Standard**

Under Federal Rule of Civil Procedure 72, the Court must resolve <u>de novo</u> any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); <u>see also</u> 28 U.S.C. § 636(b)(1).

**B.      Runion's Objections Do Not Identify Errors in Report and Recommendation**

Although Runion has identified seventeen different objections to the R&R, he has not articulated any basis on which his habeas petition presents timely and exhausted claims. By not addressing the R&R's conclusions on these issues, Runion's Objections carry no weight. The

Court is without any basis to find error in the R&R and it agrees that Runion's claims are time-barred and unexhausted. On this basis, the Court OVERRULES all of Runion's Objections. But for the sake of completeness, the Court separately reviews the Objections.

First, Runion suggests that the Magistrate Judge erred by failing to: (1) order Respondent to produce materials and respond to the petition; (2) holding an evidentiary hearing; (3) taking judicial notice of unspecific facts; and (4) addressing Runion's affidavit and other materials. (Obj'ns at 1-2.) But Runion does not articulate why any of these actions would have responded to the Magistrate Judge's concerns and provided evidence that his habeas petition presents exhausted and timely claims. The Court has separately reviewed all of the materials that Runion cites in his Objections and none of them addresses the defects in his habeas petition that the Magistrate Judge identified in the R&R. The Court finds no basis as to why it would have been proper or necessary to order a response from Respondent or hold an evidentiary hearing, given the lack of explanation as to why this would change the outcome. The Court thus OVERRULES these objections.

Second, Runion also claims the Magistrate Judge violated certain procedural rules and did not consider his request for discovery and motion to appoint counsel. (Obj'ns at 2-3.) None of these objections identifies any reason the Court should not adopt the R&R's conclusion that Runion's petition presented unexhausted and untimely claims. The Court has separately reviewed the requests and motions, and finds no basis as to why they would be properly granted or necessary to overcome the barriers identified in the R&R. The Court OVERRULES these objections.

Lastly, Runion contends that the R&R incorrectly characterized his petition as arising under § 2254, not § 2241, and for failing to apply the successive petition analysis in Williams v.

Taylor, 529 U.S. 362 (2000). As to the recharacterization of the petition, Runion has not provided any reasoning or argument as to why this decision was erroneous. As the Magistrate Judge correctly noted, his petition must be construed under § 2254 because "[Section] 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). The Court OVERRULES this objection. Similarly, the Court rejects Runion's complaint about the lack of a successive petition analysis. As the Magistrate Judge made clear, she provided Runion an opportunity to explain why his current petition is not a successive petition. Runion failed to respond and his Objections do not identify any facts that might enable the Court to engage in the analysis he requests. And the R&R does not recommend the Court come to any conclusion as to whether the petition is a second or successive petition. (R&R at 3.) The Court similarly does not make any conclusions on this issue. Runion's empty complaint is therefore an invalid objection, and the Court OVERRULES it.

## CONCLUSION

Although Runion has been given several opportunities to identify why his current petition presents timely and exhausted claims, he has failed to do so. His objections identify no flaw in the R&R, which the Court ADOPTS. The Court OVERRULES the objections and DISMISSES this action with prejudice. The Court also agrees with the R&R's conclusion that a certificate of appealability should not issue and it declines to enter the certificate of appealability.

The clerk is ordered to provide copies of this order to Petitioner and all counsel.

Dated April 2, 2025.

Marsha J. Pechman
United States Senior District Judge